Letty Figueroa Rodríguez, demandante y recurrida, *v.* Ramón Feliciano Ramos y Gaspar Berio, demandados y recurrentes.

*Número:* R-68-318      *Resuelto:* 31 de diciembre de 1969

*Rafael G. Vidal Roig,* abogado de Gaspar Berio; *Mario A. Rodríguez,* abogado de la recurrida.

Per Curiam: Con motivo de un choque entre el vehículo Mustang de la recurrida, guiado por ella, y una guagua *"pickup",* color gris pardo *(beige),* Chevrolet, en una curva situada en el kilómetro 6.3 de la carretera núm. 162 en el Barrio Nuevo del municipio de Naranjito, la recurrida sufrió lesiones y pérdida de ingresos por lo que reclamó contra los recurrentes Feliciano Ramos y Gaspar Berio en daños y perjuicios. Los recurrentes negaron los hechos relativos al accidente. Admitieron que Ramón Feliciano Ramos era agente y empleado del recurrente Gaspar Berio pero negaron que hubiera tenido tal accidente pues se encontraba en gestiones de su empleo con el recurrente Berio pero no en el pueblo de Naranjito.

El tribunal de instancia concluyó que el accidente se debió a la negligencia del conductor del referido vehículo Chevrolet propiedad del recurrente, Gaspar Berio, conducido en este momento por su agente en ejercicio de sus funciones como tal, David Fuentes, y condenó a Berio a pagar determi-

nados daños sufridos por la recurrida, ascendentes a $3,731 más $300 de honorarios de abogado. Exoneró a Feliciano Ramos de responsabilidad. Esta determinación debe prevalecer.

Apunta el recurrente, Gaspar Berio, que incidió el tribunal de instancia (1) al no desestimar la demanda contra el recurrente una vez desestimada contra Ramón Feliciano Ramos; y (2) al aplicar erróneamente la doctrina del velo corporativo y responsabilizar al recurrente por actos de una corporación y sus agentes.

En apoyo de dichos apuntamientos, arguye el recurrente que el tribunal de instancia desestimó la demanda contra Ramón Feliciano Ramos en corte abierta pues éste no conducía el vehículo Chevrolet en el momento del accidente sino que se encontraba conduciendo el vehículo descrito en otro pueblo distante; que la prueba sólo demostró que David Fuentes era un empleado de Gaspar Berio, Inc., que había transitado por el lugar del accidente conduciendo un vehículo similar propiedad de dicha corporación; que la prueba no demostró que Fuentes fuese la persona que ocasionó el accidente en cuestión y que de todos modos, no puede responsabilizarse al recurrente por los actos de una tercera persona quien era el agente y empleado de una corporación y no del recurrente; que no se adujo prueba de quiénes eran los accionistas de dicha corporación demostrativa de que la misma era "un alter ego o conducta o instrumento económico pasivo del recurrente."

Veamos la prueba relacionada con la identificación de (1) la persona que ocasionó el accidente en cuestión; (2) el vehículo que ésta conducía en el momento del accidente; (3) el propietario de dicho vehículo; y (4) la relación existente entre dicho conductor y el propietario del vehículo cuando ocurrió el accidente.

Melba Flores testificó que conocía a la recurrida; que el día del accidente ella conducía su vehículo por la carretera

162 detrás de una guagua Chevrolet color gris pardo (*beige*) modelo 1965 que se dirigía como a 35 a 40 millas por hora de Naranjito a Bayamón cuando en el kilómetro 3.3 le dio a un vehículo que subía en dirección opuesta guiado por la recurrida. Como la guagua siguió, a petición de la recurrida la testigo continuó tras él pero no pudo alcanzarlo. Testificó que "a distancia le pudimos coger la tablilla . . . 118-761 la otra muchacha que andaba conmigo enseguida lo apuntó . . ."; que vio al conductor del Chevrolet al darle alcance identificándolo como Ramón Feliciano Ramos. En contrainterrogatorio admitió que en su declaración sobre el caso en el Tribunal de Distrito de Comerío dijo que no había podido ver la persona que conducía la guagua Chevrolet; que este vehículo era abierto atrás con un rótulo que decía "Billares" y no "Nicherber". En redirecto testificó que mediante gestiones que hizo en compañía de la recurrida, localizaron el vehículo Chevrolet en cuestión en casa del recurrente con huellas de pintura en la parte izquierda. En contrainterrogatorio testificó que cuando hablaron con el dueño de los Nicherber (una competidora de Berio en la venta de billares) y le enseñaron el número de la tablilla, él dijo que esta tablilla no era de su vehículo; que la misma pertenecía a uno de los vehículos de Berio; que el rótulo de atrás en el vehículo cuando sucedió el accidente decía "Billares" pero que cuando fueron a casa del recurrente notó que el rótulo decía "Superberher"; que fueron a ver los Nicherber antes de ir a casa del recurrente.

Víctor Ortiz Bonilla, cobrador de una firma comercial propiedad de un hermano de la recurrida, testificó que el día del accidente iba en un automóvil detrás de la recurrida. Presenció el choque al desviarse el Chevrolet hacia el carril por donde transcurría el vehículo de la recurrida. Luego de atender a ésta viraron para "seguir la guagua que tenía un rótulo que decía Billares Superberher", manejada por

Ramón Feliciano Ramos "porque era el señor con una camisa color vino".

Testificó Ramón Feliciano Ramos que guiaba una guagua "panel delivery de la firma Gaspar Berio, Inc., Billares Superberher"; que se dedicaba a entregar billares "y cuadrar los que recogía"; que las guaguas tienen pintado sobre la puerta "un billar entonces dice Superberher . . ."; que en la cola de la caja, "En algunas dice 'Servicio' y en otras 'Billares' . . . . En la portezuela de la parte de atrás de la guagua"; que cuando regresaba pasadas las horas de oficina llevaba el vehículo a casa del recurrente; así lo hizo el día del accidente; que el día del accidente regresó por la carretera militar pues "venía de Arecibo para acá"; que entró por Hermanas Dávila y entró a la izquierda de la casa del señor Berio; que ese día visitó Sabana Grande, Adjuntas, Arecibo, Barceloneta, Florida, un barrio de Barceloneta; que no se detuvo en Naranjito; que los nombres de los clientes que visitó aparecen con sus firmas en "los recibos del débito a las personas." A él le pagaba el gerente de Gaspar Berio, Inc., el señor Julio Pérez. Preguntado por el juez de instancia si Julio Pérez era administrador de Gaspar Berio, Inc., contestó "Gaspar Berio, Inc., no está Inc., solamente Gaspar Berio."

También testificó a petición de la demandante el señor Gaspar Berio. Dijo que manufacturaba mesas de billar marca Superberher; que Feliciano Ramos trabajaba para él de chófer, describió la rotulación de sus vehículos en forma igual al testigo anterior. Preguntado si para el día del accidente tenía un vehículo Chevrolet, modelo 65, tablilla 118–761, contestó que "Chevrolet si tengo, la tablilla la desconozco." En cuanto al modelo dijo que tiene de los años '64, '65 y '66; que la recurrida fue a su casa en la tarde del accidente y "procuró por mí y ya la guagua estaba allí . . . . La Chevrolet 65, crema . . . chequeamos las guaguas ninguna apareció con desperfectos, ningún choque"; que le dijo

a la recurrida que fuera al día siguiente por la oficina a chequear todas las guaguas una a una; que esos vehículos siempre han estado asegurados; que Feliciano trabajaba para Gaspar Berio, Inc.; que cuando llegó la recurrida a su casa no le enseñó tablilla alguna. Confrontado con la testigo Melba Flores dijo que era posible que acompañara a la recurrida a su casa pero no recordaba si tenía en un papel una tablilla correspondiente a una de sus guaguas.

Al contestar el testigo Berio que Feliciano trabajaba para Gaspar Berio, Inc., su abogado informó al tribunal que "Lo que ocurre que el demandado [Feliciano Ramos] trabaja en dos capacidades, trabaja para Berio Distributors que no es otra cosa que el demandado [Gaspar Berio] y trabaja para la corporación."

La recurrida testificó que no vio el que manejaba la guagua pero que "Sé que era una persona sola y llevaba camisa azul."; que primero entraron a la casa de Nicasio Hernández (productor de los billares Nicherber) quien le dijo que la guagua pertenecía a Gaspar Berio. Entonces fueron a casa de éste y allí encontraron la guagua *"beige"* "la misma del accidente . . . que estaba todavía caliente"; que Berio le dijo "si es ella o uno de los míos viene mañana a la oficina"; que la guagua "tenía toda la pintura del carro mío". Fue a la oficina de Berio al día siguiente y dijo que "vengo a averiguar un chófer de Berio que andaba por Naranjito y me chocó el carro"; que el secretario de Berio le contestó que no lo conocía porque él llevaba sólo tres días allí y no sabía quién era. A instancias de Melba Flores, la recurrente se retiró de allí.

El recurrente presentó, como uno de sus testigos, a Julio Pérez, quien dijo ser administrador de Gaspar Berio, Inc.; que para la fecha del accidente Feliciano Ramos trabajaba como chófer de Gaspar Berio; que entre sus funciones "Colectaba dinero en la isla"; que el día del accidente Feliciano Ramos se encontraba en la ruta de Utuado, Adjuntas, Flo-

rida y Sabana Grande; que al día siguiente le entregó los documentos y dinero del día anterior. Identificó y se presentaron unas facturas del día del accidente firmadas por Feliciano Ramos y por clientes localizados en el Barrio Fogones de Florida, en Sabana Grande, Arecibo, Adjuntas y Utuado. Eran facturas de Berio Distributors que, según el abogado del recurrente "no es otra cosa" que el propio Gaspar Berio y no la corporación Gaspar Berio, Inc. Testificó Julio Pérez que en la ruta de Naranjito había otro conductor llamado Víctor David Fuentes quien también era cobrador y quien conducía una guagua Chevrolet amarilla, del año 1963. Se presentó una factura del día del accidente firmada por Fuentes a nombre de Berio Distributors y un cliente de Naranjito; que Fuentes era empleado de Gaspar Berio; que la guagua que guiaba el día del accidente era crema, Chevrolet modelo 63; que hay una guagua del 65 color amarillo también.

Al terminarse la vista, el tribunal de instancia dijo que. "Aquí aparece un indicio fuerte de que fue un vehículo del demandado que ocasionó el accidente . . . creo debidamente establecido que el accidente lo produjo un vehículo Chevrolet de la parte demandada, Gaspar Berio . . . la prueba de que Feliciano estaba en ruta distinta que no lo llevaba a Naranjito . . . lo excluye de responsabilidad . . . se puede inferir de la prueba que el accidente fue con un automóvil de Gaspar Berio y conducido por David Fuentes que era el que estaba en la ruta precisamente el día 29. . . ."

Concluimos que la prueba aducida sostiene tales conclusiones. Hubo prueba de que Feliciano Ramos, empleado de Berio, no pasó por el lugar del accidente el día que ocurrió y por lo tanto no podía ser responsabilizado. Pero la prueba demostró que (1) un vehículo Chevrolet *"pickup"* perteneciente a, o en gestiones de, Gaspar Berio Distributors "que no es otra cosa que Gaspar Berio", chocó el vehículo de la recurrida y le ocasionó daños al mismo y lesiones a la

recurrida; (2) que el accidente se debió a la negligencia del conductor del Chevrolet; y (3) que David Fuentes, empleado de Berio guiaba un *"pickup"* Chevrolet el día del accidente por la ruta donde dicho accidente ocurrió y lo hacía en gestiones de Berio en Naranjito similares a las que realizó ese día Feliciano Ramos en otros pueblos.

*En tal virtud, se confirmará la sentencia dictada en este caso por el Tribunal Superior, Sala de Bayamón, en 27 de agosto de 1968.*

El Señor Juez Presidente no intervino.